NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 8 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL ARELLANO, | No.   22-55072 |
| Plaintiff-Appellant, | D.C. No.<br>3:15-cv-02069-JAH-AGS |
| v. | |
| HARMONY MELTON, Nurse, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted February 6, 2024
Pasadena, California

Before:  OWENS, BUMATAY, and MENDOZA, Circuit Judges.

Plaintiff-Appellant Raul Arellano appeals from the district court's order

granting judgment as a matter of law for Defendant-Appellee Harmony Melton and

dismissing his claim under 42 U.S.C. § 1983 for violating his Eighth Amendment

right to be free from cruel and unusual punishment.  We have jurisdiction under 28

U.S.C. § 1331 and "review the district court's grant of a motion for judgment as a

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

matter of law de novo." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1017 (9th Cir. 2015). We affirm.

1. The district court correctly granted judgment as a matter of law for Melton because no reasonable jury could find for Arellano on his § 1983 claim. A court may grant a motion for judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). At trial, Melton produced considerable evidence showing that she was not disbursing medication in Arellano's building on July 22, 2014. And Arellano failed to meaningfully challenge that evidence. Arellano testified that Melton denied him his medication on July 22. He also insinuated that the prison's records may have been inaccurate since Melton's sign-out sheet was left blank on July 22. But a jury could not reasonably infer, on the basis of the scant evidence that Arellano presented, that Melton denied Arellano his medication on July 22. *See Brit. Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) ("A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation.").

Our precedent supports the district court's decision. Arellano relies heavily on *Velazquez¸* a case where we reversed the district court for granting judgment as

2

a matter of law when a reasonable jury could have found for the nonmoving party. 793 F.3d at 1022. But *Velazquez* does not dictate reversal here. In that case, "the evidence was far from 'one-sided'" and did not lead to "one reasonable conclusion as to the verdict," but the district court still granted judgment as a matter of law. *Id.* at 1021–22 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 245, 250, 252 (1986)). Unlike in *Velazquez* where a genuine dispute existed over competing versions of an event, no reasonable jury could find Arellano's conclusory statements and conjecture sufficient to defeat Melton's evidence.

2. On appeal, Melton moves to correct the record and for judicial notice under Federal Rule of Appellate Procedure 10(e)(2)(C). We grant the motion to correct the record by including Jaime Wood's excerpted deposition transcript, as it was before the trial court and "reflects what actually occurred in the district court." *See Townsend v. Columbia Operations*, 667 F.2d 844, 849 (9th Cir. 1982) (correcting record where four documents before trial court were omitted from original record). Additionally, we grant the motion for judicial notice of counsels' correspondence designating excerpts of Wood's testimony for use at trial. The correspondence "is not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned" because it involves the parties' own statements about which excerpts to play at trial. *See* Fed. R. Evid. 201(b).

3

**AFFIRMED.**